UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

      DAMON FRANK GAGNON         BK-24-10868
           Debtor                                CHAPTER 13

## AMENDED OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the debtor's Plan on the following grounds:

1. The Plan does not provide that all of the debtor's projected disposable income to be received will be applied to make payments under the Plan. *See* 11 U.S.C. §1325(b)(1)(B). The Debtor is self-employed and the Trustee has requested information and/or documents to support the income and expenses set forth on bankruptcy schedules I and J (e.g., profit and loss statements and income tax returns).

2. All necessary tax returns have not been filed. *See* 11 U.S.C. §1325(a)(9).

3. The debtor has failed to make all required payments to the Trustee pursuant to 11 U.S.C. §1326(a)(1). The Debtor is behind one plan payment through February 2025.

4. The Trustee also objects to confirmation because the Debtor may not be eligible for chapter 13 relief under 11 U.S.C. §109(e). As stated by the First Circuit Bankruptcy Appellate Panel in *In re De Joungh*:

> Generally, eligibility for Chapter 13 is based upon debts as of the petition date and not upon post-petition events such as allowed claims, filed claims, or treatment of claims in a confirmed Chapter 13 plan. See, *Slack v. Wilshire Ins. Co.*, 187 F.3d 1070, 1073 (9th Cir. 1999); *In re Smith*, 325 B.R. 498, 502 (Bankr.D.N.H.2005). Therefore, Chapter 13 eligibility is usually determined by the debtor's schedules. As long as a debtor's schedules are completed after the exercise of due diligence and are filed in good faith, the schedules will determine a debtor's eligibility for Chapter 13. *See Smith*, 325 B.R. at 502. Therefore, the starting point of the eligibility analysis is the debtor's schedules. However, when it appears the debtor did not exercise reasonable diligence or good faith in completing and filing the schedules, the bankruptcy court may look to other evidence, including post-petition events, to determine eligibility. *See id.*; see also *In re Sullivan*, 245 B.R. 416, 418 (S.D.Fla.1999) (rejecting argument that § 109(e) eligibility inquiry should be restricted to

review of debtor's schedules); *Soderlund v. Cohen (In re Soderlund)*, 236 B.R. 271, 273 (9th Cir. BAP 1999) (bankruptcy court may look past schedules to other evidence submitted when good faith objection to debtor's eligibility under § 109(e) is raised); *In re Brown*, 302 B.R. 913, 915 (Bankr.D.Or.2003) ("The limits created by § 109 are jurisdictional. In determining the amounts, a bankruptcy court may look past the schedules to other evidence submitted, including proofs of claim filed in the case").

*In re De Jounghe*, 334 B.R. 760, 768 (1st Cir BAP 2005)

5. A chapter 13 debtor's unsecured debt limit is $464,275. 11 USC §109(e). Although the debtor's schedule E/F identifies unsecured claims totaling $391,696.83 the filed general unsecured claims are actually $500,943.33 including several claims that were either not listed in the petition or are characterized as secured judgment liens to be avoided and treated as general unsecured claims. Therefore, the Debtor may not be eligible for chapter 13 relief.

6. The Trustee may be filing a motion to dismiss this case, and is communicating with Debtor's counsel regarding the above issues.

WHEREFORE, for the foregoing reasons, the Chapter 13 Trustee respectfully requests that the Court deny confirmation of the Plan and grant such other relief as is appropriate.

/s/Charles A. Pisaturo, Jr.
Charles A. Pisaturo, Jr., Trustee
400 Westminster St. Suite 54
Providence, RI 02903
Tel:(401) 223-5550
Fax:(401) 223-5548
charlie@13ritrustee.com

### CERTIFICATION

I hereby certify that a copy of the within Amended Objection was mailed, postage prepaid, to Mr. Damon Frank Gagnon, P O Box 1001, Bristol, RI 02809 and electronically mailed to Janet J. Goldman, Esq. at jgoldmanlawri@jggoldman.com on March 5, 2025.

/s/Theresa S. French